# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10341
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2017

Lyle W. Cayce
Clerk

BONNIE ALLEN-PIERONI, ET AL
      Plaintiffs


SOUTHWESTERN CORRECTIONAL, L.L.C., doing business as Lasalle Southwest Corrections; JOHNSON COUNTY, TEXAS; BOB ALFORD; JOHN DOES 1-5; JANE DOES 1-5; LASALLE MANAGEMENT COMPANY, L.L.C.,

      Defendants - Appellees

v.

KRISTI L. WHITE; ALICE DIANE MILLER
      Movants - Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4089

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Intervenors-Appellants Kristi L. White and Alice Diane Miller appeal the district court's denial of their motion to intervene.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10341

On October 9, 2013, Plaintiffs Bonnie Allen-Pieroni et al. filed this action against a prison—Southwest Correctional, LLC and a group of related individuals and entities—seeking relief under 42 U.S.C. § 1983 and other remedies after inmate Ivan Earl Allen died on account of allegedly deficient medical care.    After discovery was conducted in part pursuant to a confidentiality and protective order, this was case was dismissed with prejudice by joint stipulation on September 30, 2016.

On February 17, 2016, Plaintiffs Kristi L. White and Alice Diane Miller (collectively "White") filed a lawsuit against the same prison also seeking relief under 42 U.S.C. § 1983 and other remedies after a different inmate, Ronald Ray Beesley, died about four years after Ivan, also on account of allegedly deficient medical care.  *See Kristi L White v. Southwestern Correctional, LLC*, No. 3:16-cv-00448-B (N.D. Tex.).  On November 18, 2016—more than a month after this case was dismissed and closed—White moved to intervene in this case for the limited purpose of accessing the sealed discovery conducted in this case.

The district court, adopting the report and recommendation of the magistrate judge, denied White's motion to intervene, finding that she had no standing to intervene.  The district court relied on this Court's decision in *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994), in which we held that a third party who sought to intervene in a closed case for the purpose of obtaining access to sealed discovery had "no personal interest affording them standing to intervene," and so denied the motion to intervene.

2

No. 17-10341

We find no error in the district court's well-reasoned opinion. While "there is no Article III requirement that intervenors have standing in a *pending* case," it is firmly established in this circuit that "[i]n the absence of a live controversy in a pending case, an intervenor would need standing to intervene." *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006) (citing *Deus*, 15 F.3d at 526); *accord Bond v. Utreras*, 585 F.3d 1061, 1072 (7th Cir. 2009) ("[T]he Fifth Circuit has concluded that a third party seeking to intervene to challenge a protective order after the main controversy has been disposed of must demonstrate standing."). Although White argues on appeal that she has a strong personal interest in the sealed discovery in this case because her own case is factually related to this one (inasmuch as it involves medical care administered at the same prison), and that allowing access to the discovery would reduce the burden on the respective parties in her case, she has not demonstrated that she has standing in *this* case. She is not part of any Article III case or controversy in this now-settled dispute between Southwestern Correctional, LLC, and the successors of inmate Ivan Allen. *See Deus*, 15 F.3d at 525-26.

AFFIRMED.[1]

---

[1] All pending motions are denied as moot.